No. 03-605

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 263N

LOREN HANSON,

       Plaintiff and Appellant,

  v.

CARL DIX d/b/a ROOSEVELT HOTEL and
ESTATE OF JOHN MAAG d/b/a ROOSEVELT HOTEL,

       Defendants and Respondents.


APPEAL FROM:    District Court of the Seventeenth Judicial District,
                  In and for the County of Valley, Cause No. DV-2000-4,
                  The Honorable John C. McKeon, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

           J. Tiffin Hall, Attorney at Law, Missoula, Montana

       For Respondents:

           Robert Hurly, Attorney at Law, Glasgow, Montana


                 Submitted on Briefs:  March 9, 2004

                       Decided:  September 21, 2004

Filed:

                                        
                              Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Plaintiff, Loren Hansen, appeals from the order of the District Court granting defendant Carl Dix's motion for summary judgment and awarding Dix his attorney's fees. We affirm.

¶3 Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), M.R.Civ.P. The standard of review of a district court's grant of summary judgment is *de novo*. *Stuart v. First Security Bank*, 2000 MT 309, ¶ 16, 302 Mont. 431, ¶ 16, 15 P.3d 1198, ¶ 16. The moving party has the burden of proving absence of issues of material fact and entitlement to judgment as a matter of law. *Stuart*, ¶ 16. Once that burden is met, the opposing party must present substantive evidence, beyond conclusory or speculative statements, in order to raise genuine issues of material fact. *Stuart*, ¶ 16.

¶4 Hanson alleged that Defendant Dix grabbed his genitals and made a lewd comment

2

to him while he was on duty at the Roosevelt Hotel on February 24, 1999. Dix had owned the hotel until January 12, 1998, when he sold the hotel to John Maag under a contract for deed. At the time of the incident, John Maag was owner and manager of the Roosevelt Hotel and Hanson was Maag's employee. The day after the incident, Hanson's domestic partner phoned Maag to discuss what had happened. Later that day, Maag phoned Hanson and fired him.

¶5     Hanson filed a complaint for wrongful discharge against Maag and the Roosevelt Hotel with the Department of Labor and Industry in March 1999. Maag died in July 2000. Ownership of the hotel reverted back to Dix when Maag's heirs, his parents, surrendered the property to Dix under the default provisions of the contract for deed. The Department granted Hanson leave to amend the wrongful discharge complaint to substitute Dix and the Estate of John Maag as defendants. The Department then dismissed the complaint because the substitution came more than twelve months after the complaint was filed.

¶6     Hanson subsequently filed a complaint against Dix in the Seventh Judicial District Court, Valley County, alleging wrongful discharge pursuant to § 39-2-904, MCA, and discrimination in employment pursuant to § 49-2-301, MCA. Dix moved for summary judgment on grounds that Dix was never Hanson's employer and therefore could not have discharged Hanson, wrongfully or otherwise. The District Court granted the motion and dismissed both counts of the complaint because Hanson failed to establish an employment relationship between himself and Dix.

¶7     On appeal, Hanson makes three arguments. First, he argues that "as a continuing

3

equitable owner and then as the successor in interest of the Roosevelt Hotel, Carl Dix is liable for damages stemming from violations of the Montana Wrongful Discharge from Employment Act and of the Montana Human Rights Act." As a part of this claim, Hanson argues that Dix is liable because he was the real party in interest. Second, Hanson argues that Dix' summary judgment motion only addressed the wrongful discharge claim and not the discrimination claim, therefore the District Court should not have granted summary judgment on both issues. Third, Hanson appeals the award of attorneys' fees to Dix.

¶8 With respect to the real party in interest argument, in his appellate brief Hanson simply makes the statement, "[a]s Maag's successor in interest to the Hotel, it was necessary to substitute Dix as the real party in interest." This theory is not further developed. We will not consider it further as it is unsupported. Rule 23(a)(4), M.R.App.P.

¶9 With respect to the equitable owner and successor in interest arguments, in his Reply and Opposition to Summary Judgment filed in the District Court, Hanson stated "[a]s the continuing owner and as successor in interest of Maag's contract, the wrongful discharge action may be continued against Carl Dix."

¶10 Hanson now argues that because Dix held a security interest in the Roosevelt Hotel property, he was its equitable owner and thus Dix should be liable to him for wrongful discharge from his employment at the hotel. Hanson acknowledged that the "District Court did correctly point out that it was unable to find any legal authority for this proposition . . ." but attributed this deficiency to being "an issue of first impression in Montana." Because Hanson cited no applicable authority for his proposition, the District Court did not address

4

it in detail.  While it may be true that Dix was an equitable owner of the Roosevelt Hotel under the contract for deed, the District Court was correct that there is no authority in Montana law that the seller under a contract for deed is held liable as the equitable owner of property for the torts of the buyer.  We decline to adopt such a rule here.

¶11     In his Motion to Alter or Amend the Judgment and in his brief on appeal, Hanson argues Dix is liable to him under a successor in interest theory citing federal case law. Hanson correctly states that a successor in interest is "one who follows another in ownership or control of property."  *Black's Law Dictionary* (8th ed. 2004).  Hanson cites federal law to the effect that under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., it is possible for a successor employer to be held liable for unlawful discrimination in employment by a predecessor, on a case-by-case basis, as equity demands. "What is required is a balancing of the purposes of Title VII, with the legitimate and often conflicting interests of the employer and the discriminatee."  *Bates v. Pacific Maritime Association*, 744 F.2d 705, 709 (9th Cir. 1984).

¶12     In the context of the liability of successor business owners, the federal courts have applied three elements to consider if imposing liability on a successor employer is both fair and necessary: 1) the continuity of operations of the successor and predecessor, 2) notice to the successor of the predecessor's legal obligation, and 3) the predecessor's ability to provide adequate relief directly.  *Bates*, 744 F.2d at 709-710.  Even if we were to adopt the federal doctrine of successor business owner liability, which we do not in this case, these elements do not weigh in favor of imposing liability on the successor, Dix, for his predecessor's,

5

Maag's, alleged torts.

¶13 Maag did not transfer the hotel to Dix in order to escape liability on Hanson's employment discrimination claim; he died. Dix's operation of the hotel is not a continuation of Maag's business. Dix did not buy the Hotel. He only re-entered the business because the contract for deed was in default. Further, Dix had no notice of a legal obligation that the hotel business owed to Hanson. The obligation, if any existed, ran from Maag to Hanson, not from the hotel property itself to Hanson. These circumstances do not justify a conclusion in equity that Dix has stepped into Maag's shoes as Hanson's former employer. Maag, as Hanson's employer and owner of the Roosevelt Hotel, allegedly committed the tort of discrimination in employment. Dix, on the other hand, who was a maintenance man, may have committed the tort of battery. However, Dix cannot be liable to Hanson for Maag's alleged employment discrimination under these circumstances.

¶14 With respect to the argument that the District Court's grant of summary judgment on both his wrongful discharge claim and his discrimination in employment claim was error because it foreclosed Hanson's right to present evidence on the discrimination claim, both a wrongful discharge claim and a discrimination in employment claim implicitly require that an employment relationship exist. *See* § 39-2-904, MCA; § 49-2-303(1), MCA. In his Discharge Statement made to the Department of Labor in March 1999, Hanson stated "I don't understand why if John [Maag], is my employer, he is worried about me taking action against Carl [Dix] who is not my employer . . . ." Hanson further stated, "[t]he Roosevelt Hotel is a private hotel with an individual owner - John Maag. John is the one who hired

6

me." Finally, Hanson stated, "I was sexually harassed by the previous owner, Carl Dix, who is under contract to do maintenance and fix ups. Carl is always there - to fix things. He is, however, NOT the owner - John is." In his answers to interrogatories, Hanson acknowledged that it was Maag who directed his work and signed his paychecks. There is no question that Dix had no employment relationship with Hanson. Thus, the District Court properly dismissed both counts of the complaint for Hanson's failure to prove an employment relationship between Dix and Hanson.

¶15 Finally, Hanson complains that the District Court erred in awarding fees to Dix. Section 49-2-509(6), MCA, authorizes attorneys' fees to the prevailing party on a discretionary basis. The standard for award of attorneys' fees to a prevailing defendant in a Human Rights Act case is whether the "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *McCann v. Trustees, Dodson School District* (1991), 249 Mont. 362, 364, 816 P.2d 435, 437; *see also Breese v. Steel Mountain Enterprises, Inc.* (1986), 220 Mont. 454, 458, 716 P.2d 214, 216.

¶16 The District Court was presented with substantial evidence that Dix did not employ Hanson, and that Hanson himself considered Maag to be his employer. It was only when Maag died that Hanson began to denominate Dix as his "manager" or as Maag's "successor business owner and operator of the hotel." Hanson's main legal argument before the District Court was that Dix was liable for employment discrimination because he was an equitable owner of the hotel under a contract for deed. The District Court found this argument untenable and contrary to Montana law, and we have affirmed. The District Court did not

7

abuse its discretion in awarding attorney's fees.

¶17     The judgment of the District Court is affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JIM REGNIER
/S/ JIM RICE